After the argument, and time taken to deliberate, Chancellor Rutledge delivered the decree of the court.
There are four questions for determination in this case : 1st. Among whom the funded stock of the testator is to be divided ? 2nd. Whether the thirteen negroes bequeathed to the defendant J. B. Richardson, (if he refuses to take them on the conditions prescribed in the will) are to be considered as a part of the residue of the personal estate, and to pass as such by virtue of the residuary clause, or to be distributed agreeable to the statute ?
3d. Whether the produce of the two years crops received by C. Sinkler are not to be considered as an advancement, and brought into account for distribution, allowing him thereout a reasonable maintenance ?
4th. Whether the advancement to defendant J. B. Richardson, by the testator, (this being a case of partial and not a general intestacy) is to be accounted for by him m a distribution of the undisposed surplus personal estate ?
As to the first question, the testator has in express *138 words directed, that the interest of his funded stock shall be applied to the sole use and education of his son Wil-°f^am’an^ daughter Margaret Ann ; and the principal to remain till his youngest child come of age or marries, and be divided among his children that may be then living; and his wife, if a widow. Though the testator, at the time of making his will, might not have contemplated any other children than those already born; yet as he made use of those general expressions, that the stock should be divided among his children who may be alive at a certain period, we are of opinion, the after born children (who are totally unprovided for by the will,) if then living, will be justly and equitably entitled to a distributive share equally with the rest.
On the second question, we are of opinion that the thirteen negro slaves bequeathed to the defendant J. B. Richardson, cannot be deemed a part of the residuary estate, and pass under the residuary clause of the will, because they are expressly bequeathed to J. B. Richardson on certain conditions, and not being bequeathed over in case of his refusal to accept them, they must be considered as part of the testator’s personal estate undisposed of and distributable.
3d question. Whether the produce of the two years crops received by C. Sinkler are not to be considered as an advancement, and brought into account for distribution, allowing him thereout a reasonable maintenance ?
From the evidence of Mr. Carson and Mrs. Sink-ler, it is plain that the testator had given the whole profits of certain lands and negroes to his son Charles, (who was his eldest son) to be received and enjoyed by him for his own advantage, without any responsibility ; and that the testator was not thereafter to be answerable for any of his debts. His letters to his son, his receipt for money from the factors, and the directions which he gave them concerning a charge respecting some cotton gins which he ordered to be set down to his son instead of himself, confirm the testimony of the witnesses * *139 but it was nevertheless only a temporary, not a permanent provision, to initiate him into the planter’s business, and to encourage him to be industrious. Whatever he made therefore was only a reward for his own labor and diligence, and ought not to be brought into account for distribution, his father never having intended it.
4th question. Whether the advancement to defendant J. B. Richardson by the testator, (this being a case of partial and not a general intestacy) is to be accounted for by him in a distribution of the undisposed surplus personal estate ?
The principal object of the statute of distributions is, to effect an equal distribution of the personal estate of the testator among his children, and has only in view a general intestacy. The act of assembly of the year 1791, abo» lishing the right of primogeniture, recognizes the dispositions of the statute, and goes one step further, by providing for a partial intestacy; i. e. as to property acquired after a testator has made his will, not having republished it, directing in such case how it shall be distributed.
The object, both of the statute and act of assembly, being a perfect equality among the children, they have pointed out (the act of assembly more precisely than the statute) the method, in a case of general intestacy, how it is to be effected. When a child has been advanced by the intestate in his life time, but not equal to the shares falling to the other children, the mode pointed out for equalizing him, is (not by bringing it into hotch pot) but by a valuation of the property advanced, as it may be estimated at the death of the ancestor (not taking the improvements of the real estate, or the increase of the personal estate into computation) and the difference is to be made up out of the estate to be distributed so as to make the estates of all equal.
The testator in the present case having by will disposed of all the personal property he then possessed, nothing remained to-be distributed. What has been acquired since the will was made, our law directs how it should be dis - *140 tributcd. It is confessed that the personal property which testator has given to his other children by his will, is con» s^rably more than what he gave to defendant j. B. Richardson and his wife ; but as it is not a generad intestacy, °^the court cannot decree the difference to be made up to the defendant J. B. Richardson out of the surplus person* al estate, so as to put him on a footing with the other children. We are therefore of opinion that it is but just and equitable, and decree that he shall retain the negroes which he received from the testator for his marriage portion as he calls it, without any accountability ; and that he is entitled to a distributive share of the undisposed surplus of the personal estate, in common with the other children.— The case of Vachell and Jeffreys, as it is reported in Brown’s P. C. does not shake the authority of the same case as reported in precedents in chancery, (p. 169,) with respect to the determination of the question on a partial intestacy ; the question on the appeal being solely on the right of the two children disowned by the testator, to a dis-r tributive share with those he owned. The other case in Precedents in Chancery (182) is opposed to that of Vachell and Jeffreys ; but we do not see how the Lord Keeper could give any opinion on that question, it not being a point made for his determination. It is decreed, that the* two houses and lots in Meeting-street, belonging to the testator’s estate, be forthwith sold by the master, giving the usual notice, on bonds and mortgage of ,the premises, with personal security if required, on a credit of 1,2 and S years j and the monies arising from the sale to be divi* ded agreeable to law. The shares of the minor children to be placed and kept at interest by the defendant Margaret Sinkler, their mother, for their benefit, suit to be paid out of the estate. The costs of